UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADELA MARAVILLA, OSCAR CORREA, KAMRYN NIEMINSKI, and CIERRA BROWN, on behalf of themselves and all other persons similarly situated, known and unknown,<br><br>　　*Plaintiffs,*<br><br>　　v.<br><br>OUTFOX HOSPITALITY LLC, FOXTROT VENTURES, INC., and DOMS MARKET, LLC.<br><br>　　*Defendants.* | Case No. 24 C 3366<br><br>Judge |

## COMPLAINT

Adela Maravilla, Oscar Correa, Kamryn Nieminski, and Cierra Brown, and all other similarly situated persons, as and for their complaint against Outfox Hospitality LLC ("Outfox"), Foxtrot Ventures, LLC ("Foxtrot"), and Doms Market, LLC ("Doms") (collectively "Defendants"), allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs bring this action individually and on behalf of other similarly situated former employees who worked for Defendants and were terminated without cause, as part of, or as the foreseeable result of, a mass layoff or plant closing ordered by Defendants on April 23, 2024 and within 30 days of that date and who were not provided 60 days advance written notice of their terminations, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq*.

1

2. Plaintiffs and all similarly situated employees seek to recover up to 60 days wages and benefits, pursuant to 29 U.S.C. § 2104, from Defendants.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1367 and 29 U.S.C. § 2104(a)(5).

4. Venue is proper in this District pursuant to 29 U.S.C. § 2104(a)(5).

## THE PARTIES

*Plaintiffs*

5. Plaintiff Adela Maravilla was employed by Defendants and worked at or reported to one of Defendants' facilities located in Chicago, Illinois.

6. Plaintiff Maravilla is a resident of State of Illinois.

7. Plaintiff Maravilla was terminated without cause.

8. Plaintiff Maravilla did not receive at least 60 days' written notice of her termination.

9. Plaintiff Correa was employed by Defendants and worked at or reported to one of Defendants' facilities located in Chicago, Illinois.

10. Plaintiff Correa is a resident of State of Illinois.

11. Plaintiff Correa was terminated without cause.

12. Plaintiff Correa did not receive at least 60 days' written notice of his termination.

13. Plaintiff Niemisnki was employed by Defendants and worked at or reported to one of Defendants' facilities located in Chicago, Illinois.

14. Plaintiff Niemisnki is a resident of State of Illinois.

15. Plaintiff Niemisnki was terminated without cause.

16. Plaintiff Niemisnki did not receive at least 60 days' written notice of her termination.

17. Plaintiff Brown was employed by Defendants and worked at or reported to one of Defendants' facilities located in Washington, D.C. Illinois.

18. Plaintiff Brown is a resident of the State of Virginia.

19. Plaintiff Brown was terminated without cause.

20. Plaintiff Brown did not receive at least 60 days' written notice of her termination.

21. In addition to Plaintiffs, Defendants employed other similarly situated individuals who worked at, reported to, or received assignments from Defendants.

22. On April 23, 2024, other employees who worked at, reported to, or received assignments from Defendants were terminated from their employment by Defendants, effective immediately.

23. None of Defendants' employees who were terminated on April 23, 2024, received advance written notice of their terminations.

24. Plaintiffs estimate that over 200 similarly situated employees were terminated within 30 days of April 23, 2024.

*Defendants*

25. Upon information and belief and at all relevant times, Defendant Outfox Hospitality is a Delaware corporation with its main office located in Chicago, Illinois.

26. Upon information and belief and at all relevant times, Defendant Foxtrot Ventures, Inc. is a Delaware corporation with its main office located in Chicago, Illinois.

27. Upon information and belief and at all relevant times, Defendant Doms Market LLC is a Delaware corporation with its main office located in Chicago, Illinois.

28. At all relevant times, Defendants conducted business in this district.

29. Although Plaintiffs were nominally employed by Defendant Foxtrot, Defendants Outfox and Doms were also the Plaintiffs' and similarly situated individuals' "Employer" until they were terminated as part of, or as a result of, a mass layoff and/or plant closing, ordered by Defendants on or about April 23, 2024.

30. Upon information and belief, Defendants constituted a "single employer" of Plaintiffs and the other Class members in that among other things:

*Common Ownership*

(a) Upon information and belief, all Defendants are commonly owned.

*Common Directors and Officers*

(b) Upon information and belief, at all relevant times, the Defendants shared common officers and Directors.

*Dependency of Operations*

(c) Upon information and belief, at all relevant times, there was a dependency of operations between Defendants.

*Unity of Personnel Policies*

(d) Upon information and belief, at all relevant times there was a unity of personnel policies emanating from a common source between Defendants.

(e) Upon information and belief, all of the Defendants decided to effectuate the mass layoff and/or plant closing at the facilities without providing a WARN notice.

*De Facto Control*

(f) Upon information and belief, all of the Defendants exercised de facto control over the labor practices governing the Plaintiffs and the Class including the decision to order the mass layoff and/or plant closing of Defendants' facilities.

31. On or about April 23, 2024, and thereafter, Defendants as a single employer, ordered the termination of Plaintiffs' employment together with the termination of all other employees who worked at or reported to Defendants' facilities as part of a mass layoff and/or plant closing as defined by the WARN Act for which they were entitled to receive 60 days advance written notice under the WARN Act.

**FEDERAL WARN ACT CLASS ALLEGATIONS, 29 U.S.C. § 2104**

32. Plaintiffs bring this Claim for Relief for violation of 29 U.S.C. § 2101 *et seq*., on behalf of themselves and all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Fed. R. Civ P. 23(a), who worked or were based at, or reported to and received assignments from Defendants at their facilities and were terminated without cause on or about April 23, 2024 and within 30 days of that date, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class" or "Class Members").

33. The persons in the WARN Class identified above ("Class Members") are so numerous that joinder of all members is impracticable. The precise number and identity of such persons is information within the sole control of Defendants.

34. The rates of pay and benefits that were being paid by Defendants to each Class Member at the time of his/her termination are contained in the books and records of Defendants.

35. Common questions of law and fact exist as to Class Members, including, but not limited to, the following:

(a) whether Class Members were employees of Defendants who worked at, or reported to and received assignments from, the facilities closed by Defendants on or after April 23, 2024;

(b) whether Defendants unlawfully terminated the employment of Class Members without cause on their part and without giving them 60 days' advance written notice in violation of the WARN Act; and

(c) whether Defendants unlawfully failed to pay Class members 60 days' wages and benefits as required by the WARN Act.

36. Plaintiffs' claims are typical of those of the Class Members. Plaintiffs, like other Class Members, worked at, reported to, or received assignments from the facilities and were terminated without cause on or about April 23, 2024, and within 30 days of that date, due to the mass layoff and/or plant closing ordered by Defendants.

37. Plaintiffs will fairly and adequately protect the interests of the Class Members.

38. Plaintiffs have retained counsel competent and experienced in complex class actions, including employment litigation.

39. On or about April 23, 2024, and within 30 days of that date, Defendants terminated the employment of Plaintiffs and Class Members, as part of mass layoff or a plant closing as defined by 29 U.S.C. § 2101(a)(2), (3), for which the affected employees were entitled to receive 60 days' advance written notice under the WARN Act.

40. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in

the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

41. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the WARN Class.

42. Plaintiffs intend to send notice to all members of the WARN Class to the extent required by Rule 23.

## COUNT I - VIOLATION OF THE FEDERAL WARN ACT

43. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

44. At all relevant times, Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

45. At all relevant times, Defendants were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639.(3)(a)(1) and continued to operate as a business until they decided to order the mass layoff or plant closing of their facilities.

46. On or about April 23, 2024 and within 30 days of that date, Defendants ordered a mass layoff and/or plant closing, as that term is defined by 29 U.S.C. § 210l(a)(2)(3).

47. The mass layoff or plant closing at their facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(3) for at least fifty of Defendants' full-time employees as well as thirty-three percent of Defendants' workforce.

48. Plaintiffs and the Class Members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendants.

49. Plaintiffs and the Class Members are "affected employees" of Defendants, within the meaning of 29 U.S.C. § 2101(a)(5).

50. Defendants were required by the WARN Act to give Plaintiffs and the Class Members at least 60 days advance written notice of their terminations.

51. Defendants failed to give Plaintiffs and the Class members written notice that complied with the requirements of the WARN Act.

52. Plaintiffs and each of the Class Members are "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104(a)(7).

53. Defendants failed to pay Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, health and life insurance premiums, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to provide employee benefits including health insurance, for 60 days from and after the dates of their respective terminations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs, on behalf of themselves and all other similarly situated former employees, pray for the following relief as against Defendants:

A. Certification of this action as a class action;

B. Designation of Plaintiffs as the WARN Class Representatives;

C. Appointment of the undersigned attorneys as Class Counsel for all Class Members;

D. A judgment against Defendants in favor of Plaintiffs and the other similarly situated former employees equal to the sum of: their unpaid wages, as determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A);

F. Plaintiffs' reasonable attorneys' fees and the costs and disbursements that the Plaintiffs incurred in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6), NYLL § 860-g (7); and NYLL § 198 (1-d); and

G, Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiffs request a trial by jury on all Counts pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

Dated: April 25, 2024 */s/Douglas M. Werman*
One of Plaintiffs' Attorneys

Douglas M. Werman - dwerman@flsalaw.com
Maureen A. Salas - msalas@flsalaw.com
Sarah J. Arendt - sarendt@flsalaw.com
**Werman Salas P.C.**
77 West Washington St., Suite 1402
Chicago, Illinois 60602
Tel.: (312) 419-1008
Fax: (312) 419-1025

***Attorneys for Plaintiffs***